UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISTINE AHARONIAN        :
                           :
         v.                : C.A. No. 11-510ML
                           :
MICHAEL J. ASTRUE          :
Commissioner of the Social Security :
Administration             :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on November 2, 2011 seeking to reverse the decision of the Commissioner. On May 30, 2012, Plaintiff filed a Motion to Reverse Without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision. (Document No. 7). On June 29, 2012, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (Document No. 8).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent legal research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled

within the meaning of the Act. Consequently, I recommend that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (Document No. 8) be GRANTED and that Plaintiff's Motion to Reverse Without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision (Document No. 7) be DENIED.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for SSI on May 8, 2009 alleging disability since birth. (Tr. 93-99). The application was denied initially on January 7, 2010 (Tr. 44-46) and on reconsideration on April 23, 2010. (Tr. 50-52). On June 11, 2010, Plaintiff requested an administrative hearing. (Tr. 53). On May 26, 2011, a hearing was held before Administrative Law Judge Randy Riley (the "ALJ") at which Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. (Tr. 23-41). The ALJ issued an unfavorable decision to Plaintiff on June 9, 2011. (Tr. 6-18). The Appeals Council denied Plaintiff's request for Review, therefore the ALJ's decision became final. (Tr. 1-3). A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by failing to properly evaluate the opinion of a vocational evaluator and the evidence that she needed job coaching. Plaintiff also argues that the ALJ erred by finding that Plaintiff had "past relevant work" as defined in 20 C.F.R. § 416.965.

The Commissioner disputes Plaintiff's claims and asserts that the ALJ's non-disability finding is supported by substantial evidence and must be affirmed.

### III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied

review, and the evidence establishes without any doubt that the claimant was disabled. <u>Seavey v. Barnhart</u>, 276 F.3d 1, 11 (1st Cir. 2001) <u>citing</u>, <u>Mowery v. Heckler</u>, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. <u>Seavey</u>, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. <u>Id.</u>; <u>accord</u> <u>Brenem v. Harris</u>, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. <u>Freeman v. Barnhart</u>, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. <u>Diorio v. Heckler</u>, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. <u>Freeman</u>, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

## IV. THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A. Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F.

Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(d)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of

disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143,

146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must

consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983)

(exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which

reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4) Treatment, other than medication, for relief of pain;
>
> (5) Functional restrictions; and
>
> (6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349,

1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

V.	APPLICATION AND ANALYSIS

Plaintiff was twenty-two years old on the date of the ALJ's decision. (Tr. 17-18). She completed the twelfth grade with special education support (Tr. 160) and has limited employment history. (Tr. 100-108). Plaintiff alleges disability due to anxiety disorder NOS, pervasive developmental disorder, cerebral dysgenesis, microcephaly and borderline intellectual functioning. (Tr. 11).

On September 27, 1989, Taranath Shetty, M.D., assessed Plaintiff at eleven months old with cerebral dysgenesis and microcephaly with a reduced head circumference, dysmorphic features and a normal EEG and neurologic exam. (Tr. 463-464). Dr. Shetty suspected that the cerebral dysgenesis was secondary to a diabetic pregnancy. (Tr. 463). On April 27, 2007, the Regional Vocational Assessment Center indicated Plaintiff lived with family, rode with her parents, played tennis, watched television, shopped and emptied the dishwasher. (Tr. 160). Plaintiff reported that she was on Zoloft for anxiety/depression, which "helped a lot" and that she had a low IQ with a resource teacher, but no special education. (Tr. 160-161). Plaintiff performed seasonal work at Toys R Us, volunteered in the public library's summer reading program, volunteered in the kindergarten class and had an interest in obtaining part-time work.

(Tr. 162). She was very polite and attentive, read instructions quickly, was not distracted by outside noise, performed simple division/addition in her head, used a calculator, did not ask for help, had a good work pace, had strong typing skills and had no questions about directions. (Tr. 162-163).

M. Teresa O'Brien, MA, a Vocational Evaluator, noted Plaintiff had the following vocational assets: near completion of her high school diploma; politeness; her resume; experience in applying for a job and average scores on all subtests. (Tr. 165). She also noted Plaintiff had the following vocational needs: to be given constant praise on the job; to establish a routine; to have the job objective listed at the beginning of the day so Plaintiff could move from job to job without any downtime; to identify situations which made her anxious and develop specific coping strategies to manage/decrease her anxiety; receive visual demonstration to decrease anxiety; receive increased exposure to occupational opportunities; and to work closely with the Office of Rehabilitation Counselor. (Tr. 165-166).

### A. The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 4 and found that she was not disabled because she could perform her past relevant work as a price checker/sales attendant which was unskilled and light. (Tr. 17). Alternatively, at Step 5, the ALJ found that Plaintiff was not disabled because she was capable of performing other unskilled work existing in the national economy. (Tr. 17-18). As to RFC, the ALJ found that Plaintiff was limited to simple, routine and repetitive tasks in a work environment free from fast-paced production and involving only simple, work-related decisions with few, if any, workplace changes. (Tr. 13). Plaintiff

argues that this RFC assessment is not supported by substantial evidence and does not reflect the true extent of her limitations.

B.     The ALJ's RFC Finding is Supported by Substantial Evidence

Plaintiff's primary argument is that the ALJ "failed to mention, much less evaluate," the opinion of Ms. O'Brien, the vocational evaluator. (Document No. 7 at p. 5). However, it is apparent from the ALJ's decision that he fully reviewed and considered Ms. O'Brien's 2007 report. At pages 5 and 6 of his decision, the ALJ specifically references the report and sets forth several of Ms. O'Brien's observations regarding Plaintiff. (Tr. 13-14). Ultimately, after weighing all of the evidence, the ALJ assessed an RFC consistent with the findings of Dr. Walls and Dr. Clifford. (See Exs. 6F and 7F). Dr. Walls found that Plaintiff had only mild to moderate psychiatric limitations and was able to understand and carry out simple tasks, to complete a normal workday and workweek, to interact successfully with others and to adapt to changes in simple routines. (Tr. 454-460). Dr. Clifford affirmed Dr. Walls' findings. (Tr. 462). The ALJ gave these opinions "considerable weight" in light of Plaintiff's activities, vocational/school records and controlled psychiatric symptoms on medication. (Tr. 16).

Plaintiff argues that the ALJ erred by not directly addressing Ms. O'Brien's opinion regarding Plaintiff's vocational needs such as constant job praise and a daily listing of job objectives. (Tr. 165). Plaintiff contends that the ALJ should have either incorporated such needs into her RFC or explained why he was not doing so. Ms. O'Brien is not a health care professional and thus not an acceptable medical source. She is a non-medical source who rendered an opinion based on a one-time evaluation of Plaintiff. While S.S.R. 06-03p (2006 WL

2329939) provides that an ALJ should generally explain the weight given to all opinions even those from non-medical sources, it also notes that the ALJ may "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." Here, it is readily apparent from the totality of the ALJ's decision that he simply did not find the substantial vocational needs identified by Ms. O'Brien, such as constant job praise,[1] to be consistent with the other evidence of record. The ALJ noted that Plaintiff had worked successfully in part-time jobs and functioned independently. (Tr. 14-15). The ALJ weighed the competing evidence and ultimately based his RFC on the opinions of Dr. Walls and Dr. Clifford, Plaintiff's reported activities and vocational history and the reported effectiveness of her medication on psychiatric symptoms. Plaintiff has shown no error in the ALJ's evaluation of the evidence and no basis for this Court to second-guess his RFC finding.

While it is undisputed that Plaintiff has limitations dating back to her birth and reasonable minds could differ as to the interpretation of this record, the issue presented in this administrative appeal is not whether this Court would have reached the same conclusion as did the ALJ. "The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also." Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez Pagan v. Sec'y of HHS,

---

[1] Plaintiff also argues that the ALJ erred by not including a requirement for job coaching in his RFC finding. In his decision, the ALJ noted that some vocational sources had opined that Plaintiff may need "occasional" job coaching. (Tr. 15). However, the ALJ implicitly rejects these opinions by not including the need for job coaching in his RFC and explicitly rejects them by relying on the opinions of Dr. Walls and Dr. Clifford who did not assess any need for job coaching. (Tr. 14, 456, 460 and 462). Plaintiff has shown no error on this point.

819 F.2d 1 (1st Cir. 1987)). Rather, the narrow issue presented is whether the ALJ's findings have adequate support in the record. Since they do in this case, there is no basis upon which to reject such findings. The ALJ thoroughly weighed the evidence in the context of the record as a whole and sufficiently explained his reasoning. Plaintiff has simply not shown the existence of reversible error in the ALJ's evaluation of the evidence and RFC assessment.

      **C.    Even if the ALJ Erred at Step 4 by Finding that Plaintiff Had Past Relevant Work, Any Such Error is Harmless in This Case.**

Plaintiff also argues that the ALJ erred by finding that Plaintiff had past relevant work as a price checker/sales attendant. (Tr. 17). While it is undisputed that Plaintiff held a few part-time retail jobs over the years, Plaintiff argues that her earnings were not enough to constitute "past relevant work." (Document No. 7 at pp. 7-8). However, even if Plaintiff is correct as to a Step 4 error, the ALJ proceeded to Step 5 and concluded that Plaintiff was not disabled because she could perform certain unskilled work existing in significant numbers in the national economy. (Tr. 17-18). Since the ALJ's Step 5 finding is supported by the record including testimony from the VE, it is entitled to deference. Accordingly, any Step 4 error is harmless on this record.

      **VI.    CONCLUSION**

For the reasons discussed herein, I recommend that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (Document No. 8) be GRANTED and that Plaintiff's Motion to Reverse Without or, Alternatively, with a Remand for a Rehearing the Commissioner's Final Decision (Document No. 7) be DENIED. Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 18, 2012